ILLINOIS CENTRAL RAILROAD COMPANY

V.

MAY AXLEY.

*Railroad—Negligence — Personal Injuries — Passenger — Evidence — Instructions.*

1.   While a railroad company is not required to carry passengers on its freight trains, it may do so; and when it is in the habit of carrying passengers on a train starting at a particular time, it impliedly invites passengers thereon, and where a caboose is left on a side track shortly before a given freight train is to leave, and is left open at a point where passengers have been in the habit of boarding it, the company impliedly invites passengers to enter the same.

2.   If such company accepts passengers on a freight train it is held to the same degree of care as on a passenger train, except that the passenger must assume the usual ordinary risks arising from and incident to that method of travel, and when a passenger on such train is injured by reason of the negligence of the company, and at the time he is using due care and caution, he may recover.

3.   The injury in question having occurred while the train in question was being made up, and before the conductor had proceeded to collect fares, this court holds that there is nothing in the contention that the plaintiff was guilty of fraud in failing to disclose her age, no questions having been asked touching the same.

4.   The refusal of an instruction is not error where the question involved therein is contained in one given for the same party.

[Opinion filed March 3, 1893.]

APPEAL from the Circuit Court of Alexander County; the Hon. O. H. HARKER, Judge, presiding.

Messrs. GREEN & GILBERT, for appellant.

Messrs. MULKEY & SONS, for appellee.

MR. JUSTICE PHILLIPS.   On or about the 20th of March, A. D. 1890, the appellee, a minor, entered a caboose car on appellant's road to be carried as a passenger from Cairo to Ullen.   At the time of so entering the car it was not attached to the train, and in making up the train, the engine, with other cars, backed against the caboose car with so much momentum that the caboose car was driven back and the jar threw appellee to the floor, by which she was seriously injured.   · The evidence shows that the appellant was in the habit of carrying passengers in the caboose of this train, and passengers had been in the habit of entering the car before the train was made up ; and on this occasion several persons had entered this caboose to be carried as passengers, including appellee, and were subsequently carried to their destination on that car.   While a railroad company is not required to carry passengers on its freight trains, it may do so.   If it does so, it is its own election so to do, and where it is in the habit of carrying on a train starting on a particular time, it impliedly invites passengers thereon, and when the caboose is on the side track shortly before the train is to leave, and left open at a point where passengers have been in the habit of boarding it, the company impliedly invites passengers to enter.   The rule is if a railroad company accepts passengers upon its freight trains, it is held to the same degree of care as on passenger trains, except that the passenger must assume the usual ordinary risks arising from and incident to that method of travel.   And when a passenger on such train is injured by reason of the negligence of the company, and at the time he is using due care and cau-

tion, then he may recover. C. & A. R. R. Co. v. Flagg, 43 Ill. 364; I. C. R. R. Co. v. Nelson, 59 Ill. 112.

The evidence in this record clearly shows that the train was driven against the caboose with unusual, unnecessary force. While the engineer in making up the trains had been in the habit of kicking cars back on this track, which was down grade, yet the testimony further shows it to be the duty of the helper to check up the cars by using the brakes. On this occasion the cars were sent back with such force that it attracted the attention of the conductor or some person who spoke to the engine fireman, and said: "You are rapping the caboose up pretty lively." The evidence further shows that if the helper had let the cars down gradually they would hardly have felt the jolt. The track was wet and at the time it was raining. No one was on the cars that were kicked back which caused the jar. Had the helper been at his post to check the cars and done his duty the injury would not have resulted. The evidence fully sustains the charge of negligence from the fact that no one was endeavoring to check the speed of the cars to render the jar less. It is urged by the defense that appellee paid no fare and was of an age that fare should have been paid; that her appearance was such she would be thought to be under age, and hence it was a fraud on the railroad company for her not to disclose her age and recognize her duty to pay fare. No question was asked appellee or in her presence in this behalf. There was no concealment or misrepresentation by her, nothing done by her to procure her transportation free. It does not appear she was asked to pay fare, nor does it appear that her mother was asked to pay for her. It is true none was collected from or because of her.

However that may be, she was injured before the train started on its way. At the time of her injury the conductor had not entered the car to collect fare from any one. She entered the car as a passenger and from all the circumstances surrounding had a right to consider herself invited so to do. She had the rights of a passenger and the fact that no fare was sought to be collected or any tendered by her can not change her status. The thirteenth, fifteenth and eighteenth

instructions asked by the defendant and refused by the court, and the refusal of which is assigned as error, were based on the theory that if fare was not tendered unasked by any one no recovery could be had. These instructions were properly refused. It is also urged that appellee was guilty of contributory negligence which would preclude a recovery. It appears from the evidence in this record that after entering the car the appellee was standing by her mother, who was preparing a bed for her to lie on, she being tired, and was making a bed of their wraps, and while doing so the plaintiff was standing up when the collision came. There is conflict in the testimony as to whether the plaintiff was cautioned to sit down and as to the time she was standing up, but under the facts in the record we can not disturb the verdict of the jury on this question. The refusal of the sixteenth instruction asked by defendant is assigned as error. That instruction embraces the proposition of contributory negligence. Its refusal was not error, as the seventh instruction given for the defendant included the same question.

We find no error in the record. The judgment is affirmed.

*Judgment affirmed.*